Wednesday, June 1. The Judges delivered their opinions.
Judge Tucker.
My opinion is, that by the act concerning the Court of Appeals, L. V. 1794, c. 63. s. 14. the jurisdiction of this Court is limited to appeals from, or writs of error and supersedeas to, final decrees, and judgments ; that all the cotemporaneous acts, and all subsequent acts must be expounded with reference to that act. The act for enlarging the right of appeals, in certain cases, declares it shall be lawful for the High Court of Chancery upon any interlocutory decree, in its discretion to grant an appeal to this Court. The same act, sect. 3. authorises the Judge of that Court, in vacation, to discharge writs of ne exeat; thereby clearly distinguishing between the power of the Court, in term time, when all parties are supposed to be present, and the power of the Judge in vacation, when the application may be altogether ex parte. A variety of other cases may be pointed out, where the same distinction is observed by the Legislature. They were pointed out in the argument, and are unnecessary to be repeated. I therefore think the appeal must be dismissed, as improvidently granted.
Judge Roane
was of opinion that the ground taken by the counsel for' the appellees was too strong to be resisted. He concurred in the opinion that the appeal must be dismissed.
Judge Fleming.
By our laws, any party thinking him, or herself aggrieved by a final judgment, or decree, of any inferior Court, may, as a matter of right, appeal to a Court of superior jurisdiction, on complying with certain *564 requisites pointed out by law; except in cases of forth-com'n£ bonds, prohibited by a late act of Assembly.
In examining the several acts, and parts of acts, on the sub - ject appeals, and affording remedies to partieswho have not prayed an appeal at the time of renderingthe judgment or de - cree we find, in some cases, the right preserved tó the party to appeal at a subsequent day, within a given time ; and, in other cases, powers given to the Judges of the superior Courts to grant appeals ill time of vacation. But in all those cases, where powers are given to the Judges to act out of term time, it is so particularly expressed by law; and applied exclusively, to final decrees. And there have been several appeals, from interlocutory decrees, dismissed in this Court, for want of jurisdiction. It being found, however, by experience, that delays, and other inconveniences had arisen from a rigid adherence to that rule, the Legislature in January, 1798, passed an act, declaring that it shall be lawful for the High Court of Chancery upon any interlocutory decrees, where the right claimed shall have been affirmed, of disaffirmed, to grant, in its discretion, an appeal to the Court of Appeals, if the High Court of Chancery shall be of opinion that the granting of such appeal will contribute to expedition, the saving of expense, the furtherance of justice, or the convenience of parties; any law, custom, usage, or construction, to the contrary, notwithstanding. ■ The only power then, of granting appeals from interlocutory decrees, is given by this act, and is not a matter of right in the party praying the same, but is expressly confined to the discretion of the High Court of Chancery, to be exercised as circumstances may seem to require ; but no such discretion is given to the Judges of that Court, to be exercised in vacation, as in the cases before mentioned; and the reason tp me appears obvious. In those former cases tire decrees were final, and the carries, with all the parties, were out of Court: and in many cases, where ■ persons, against whom decrees may have been rendered, either from their remote residence from the.Court, or from some adventitious circumstances, have *565 been prevented from appealing from such decrees, at the terms in which they were pronounced, the law, to remedy the mischief, very properly gave power to the judges to grant appeals in such cases,lin times of vacation: but, in cases of interlocutory decrees, the same reason does not exist, because the causes, with all the parties, still remain, in Court; and an adverse party has an opportunity of being heard against granting an appeal from an interlocutory decree, in any particular stage of the cause; and the Judge, sitting in Court, (after hearing the arguments on both sides,) has a fairer opportunity of exercising his discretion with propriety. And had the Legislature intended that such appeals should have been granted out of term time, a special power no doubt, (as mother cases,) would have been given the Judges, for that purpose.
The act of 1802, for branching the High Court of Chancery into three District Courts, gives to each of these Courts, and to the Judges thereof, in term time, as well as in vacation, the same jurisdiction and powers within their respective districts, in all and every matter and thing, as the High Court of Chancery, or the Judge thereof possessed prior to the passing the said act; but gave no new jurisdiction or power whatever to the said District Courts, or to the Judges thereof. And as the High Court of Chancery had no power to grant appeals from interlocutory decrees in vacation, so neither can the Judges of the District Courts exercise such a power, out of term time: For these reasons, I concur in opinion that the appeal of the President and Professors and Masters of Wm. & Mary College, must be dismissed as having been improvidently granted.(1)
*566 The same order was made in the case of Fairfax v. Muse’s executors ; the decree in that case having been considered as interlocutory onfy.

 This cause having' been sent back to the Superior Court of Chancery, for the Richmond District, the complainants, at June term, 1808, prayed the Chancellor (in Court) for an appeal from the interlocutory decree ; which he refused, on the ground that an appeal was not necessary, in this case, to prevent a change of property before a final decree ; for which purpose only an appeal can now (by virtue of the act of 1806, Rev. Code. v. 2. c. 103. s. 2. p. 129.) be granted from an interlocutory decree.